UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM JAY YODER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:07-cv-436 |
| ) | *Phillips* |
| ) | |
| RON SEALS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendants' motion to dismiss. Plaintiff has not filed a response to the motion to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. The court finds that oral argument is not necessary and the motion is ripe for the court's consideration. For the following reasons, the motion to dismiss [Court File No. 24] will be **GRANTED**.

I.   Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.   Factual Background

Plaintiff's complaint alleges numerous violations of his constitutional rights during his confinement in the Sevier County Jail; he is now incarcerated in a prison in the State of Georgia. The defendants are Sheriff Ron Seals, Chief Larry McMahon, Captain Don Parton, Caption Kent Hatcher, Sergeant David Kitelinger, and Sergeant Harry Montgomery, Jr.[1]

Plaintiff's specific allegations, as numbered in the complaint, can be summarized as follows: (1) denied a Bible, (2) not allowed to attend church each Sunday, (3) given a Del

---

[1] The court *sua sponte* dismissed nine other defendants based upon plaintiff's failure to state any factual allegations against them.

Monte fruit cup after its "best by" date, (4) sporks on the food trays no longer prewrapped, (5) no fresh fruit or raw vegetables, (6) inmates given haircuts in the food supply closet, (7) not given medication for a headache on one occasion, (8) general allegation of denial of medical care, (9) nurse not available 24 hours a day, (10) letter from ACLU opened by mistake, (11) letter with money order delivered four days late, (12) antenna from family never received, (13) Bible study course returned to sender because it had a staple in it, (14) delay in moving between cellblocks, (15) mold and mildew around door in cellblock, (16) leaky pipes in cell, (17) leaky sink and shower in cellblock, (18) not allowed to clean cells every day, (19) bugs and spiders in cell, (20) heat off in cell for several days, (21) denied jail manual of rules and regulations, (22) staff out of grievance forms for six days, (23) grievance coordinator forwarding medical grievances to medical personnel, (24) trustees in commissary have access to inmates' names and social security numbers, and (25) mail ignored or intercepted.

Although plaintiff does not refer to a specific constitutional right in his complaint, in his Pretrial Narrative Statement he alleges the violation of his rights under the Sixth, Eighth, and Fourteenth Amendments. The court will assume that plaintiff is alleging that the conditions of his confinement violated his Eighth Amendment right against cruel and unusual punishment, as applied to the states through the Fourteenth Amendment. Plaintiff makes no allegations that could constitute a violation of the Sixth Amendment. The defendants move to dismiss the complaint for several reasons.

III.   Discussion

*A. Failure to Exhaust*

The defendants first argue that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). The defendants acknowledge that plaintiff filed grievances that were responded to. They contend, however, that he failed to demonstrate exhaustion because he failed to attach documentary evidence of exhaustion to his complaint. The defendants cite *Adams v. Smith*, 166 Fed.Appx. 201, 203 (6th Cir. 2006), for the proposition that plaintiff "must attach documentation to the complaint as proof."

It is true that in *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), the Sixth Circuit held that in order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." However, *Knuckles El v. Toombs* was abrogated by *Jones v. Bock*, 549 U.S. 199 (2007), in which the Supreme Court held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 216. Accordingly, the defendants are not entitled to dismissal based upon failure to exhaust administrative remedies.

4

### B. Pendent State Law Claims

The defendants contend that Sheriff Ron Seals is immune from all state law claims arising out of the acts of his officers. To the extent that plaintiff has stated claims against Sheriff Seals under state law, the motion to dismiss is **GRANTED**. Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over any pendent state claims which the plaintiff may have. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).

### C. Qualified Immunity

The defendants argue that they are entitled to qualified immunity from suit. The court having found, *infra*, that plaintiff's complaint fails to state a claim for relief, it is not necessary to decide the question of qualified immunity. *See Seigert v. Gilley*, 500 U.S. 226 (1991) (only after concluding that plaintiff has introduced proof of a violation of his constitutional rights should the court address the issue of qualified immunity).

### D. Failure to State a Claim for Relief

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." Conditions of confinement that are cruel and unusual are included in the Eighth Amendment's prohibition. Although there is no test by which a court can

5

determine whether conditions of confinement are cruel and unusual, a court must consider whether the conditions involve an "unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Nevertheless, conditions of confinement may be "restrictive and even harsh" and yet not violate the constitution. *Id*. at 347.

"So long as prison officials provide inmates with 'a minimal civilized measure of life's necessities', the requirements of the Eighth Amendment have been met. However, conditions of confinement must not involve the wanton and unnecessary infliction of pain." *Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir. 1984) (quoting *Rhodes v. Chapman*, 452 U.S. at 347). The "basic necessities of civilized life" required by the Eighth Amendment include "'reasonably adequate food, clothing, shelter, sanitation, medical care and personal safety.'" *Grubbs v. Bradley*, 552 F. Supp. 1052, 1122 (M.D. Tenn. 1982) (quoting *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir. 1977)).

A prison or jail official violates an inmate's rights under the Eighth Amendment if, acting with deliberate indifference, the official exposes the inmate to a substantial risk of harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A claimed Eighth Amendment violation has two components, each of which an inmate is required to prove.

First, the deprivation must be objectively serious so as to result in a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. The second component of an Eighth Amendment claim is a subjective one. There must be a showing of deliberate indifference on the part of

6

the prison official. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Brooks v. Celeste*, 39 F.3d 125, 127-128 (6th Cir. 1994). This requires a showing of more than negligence or lack of due care. It must be shown that the prison official exhibited at least reckless disregard of the inmate's serious health risk. A prison official to be liable, "must both be aware of facts from which the inference could be drawn that a serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff's complaint fails to meet either component of an Eighth Amendment claim. His allegations fail to assert conditions of confinement so inadequate as to rise to the level of cruel and unusual punishment. Clearly, the deprivations complained of by plaintiff are not so objectively serious as to subject him to a substantial risk of serious harm. Rather, plaintiff is complaining about the inconveniences and general living conditions associated with incarceration. "...'[T]he fact that ... detention interferes with the detainee's understandable desire to live as comfortably as possible ... during confinement does not convert the conditions or restrictions of detention into "punishment"....'" *Inmates, Washington County Jail v. England*, 516 F. Supp. 132, 139 (E.D. Tenn. 1980) (quoting *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)), *aff'd*, 659 F.2d 1081 (6th Cir. 1981).

Plaintiff having failed to demonstrate he was subjected to a substantial risk of serious harm, he cannot prove that the defendants were deliberately indifferent to such a risk. In addition, plaintiff admits that for the most part the lower level jail officers responded to his grievances concerning the conditions of his confinement. The complaint was either resolved or the reasoning behind the jail's decision was explained to plaintiff. To the extent plaintiff

7

complains that Sheriff Seals or other higher level jail officials ignored his grievances, such an allegation fails to state a claim against those individuals. "A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Henry v. Pogats*, No. 93-2462, 1994 WL 462129 at *2 (6th Cir. August 25, 1994) (unpublished decision) (citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir.1988)).

IV.  Conclusion

Plaintiff's complaint fails to state a claim for which relief may be granted. For that reason, the defendants' motion to dismiss will be **GRANTED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                  s/ Thomas W. Phillips
                United States District Judge